[Civ. No. 4545. Third Appellate District.—April 19, 1932.]

J. J. STEWART, as Receiver, etc., Respondent, v. MAY S. BRYANT et al., Appellants.

Herbert Cutler Brown for Appellants.

Charles E. Hobart and Benjamin T. Weinstein for Respondent.

ANDERSON, J., *pro tem.*—This is an action begun by the receiver against the defendants for the recovery of money improperly expended by the defendants herein while they were in charge and control of the funds of the United States Thrift Corporation of Delaware, a corporation that had been permitted to transact business within the state of California, but subsequently said corporation, by reason of its failure to pay its corporate dues, forfeited its right to transact business in the state of Delaware and also in the state of California.

At the time said corporation forfeited its corporate rights and ceased to do business as a going concern it carried on hand in the form of a cash balance on deposit in the National City Bank in Los Angeles the sum of seventeen thousand and some odd dollars, and thereafter, up to and including the eighteenth day of November, 1926, there was added to the account of said corporation in the form of deposits and interest, funds of the said Thrift Corporation in the sum of over $44,000; that the total amount of the funds of the corporation on hand on June 1, 1925, and including subsequent deposits up to November 18, 1926, was $62,451.28. The plaintiffs prayed judgment for this amount, and the court gave judgment for the sum of $42,340 and interest to October 17, 1928, amounting to the sum of $5,655.89 and costs. The court found that the defendants May S. Bryant, John S. Bryant and W. E. Steinbeck were directors during all the times mentioned in the proceedings,

and that John S. Bryant was acting president and May S. Bryant secretary of said Thrift Corporation.

There is some contention that the appellants have not furnished a complete record on appeal and the certificates of the court reporter are presented, which seem to support this contention; the judge's certificate also gives this contention some support:

"State of California,

County of Yuba—ss.

"I, Eugene P. McDaniel, judge of the superior court of the state of California, presiding in department 4 of the superior court in and for Los Angeles county, do certify as follows, to-wit:

"I have examined the foregoing partial transcript of testimony taken and proceedings had in the trial of the case of R. E. Allen, a receiver for the *United States Thrift Corporation, Plaintiff*, v. *May S. Bryant, John S. Bryant, et al., Defendants,* case No. 229,194, consisting of pages 1 to 1173, both inclusive, together with three volumes of reporter's supplemental transcript of exhibits (the last of which three volumes, marked 'Vol. 5', has no reporter's certificate attached thereto and is not authenticated in any manner nor at all except by the clerk's endorsement filing entered thereon). I have noted and corrected with lead pencil in my own handwriting certain errors and inaccuracies and have indicated certain sentences which seem to be and in my opinion are unintelligible or meaningless; I am of opinion, however, that said errors, inaccuracies and unintelligible and meaningless expressions are not material; otherwise I find said transcript to be substantially a full, true, fair and correct transcript of the proceedings had at the trial, testimony offered or rejected, acts or statements of the court, and also the objections and exceptions of counsel, and matters to which the same relate.

"Dated this 24th day of February, 1930.

"EUGENE P. McDANIEL,

"Judge of the Superior Court."

The appellants in their brief confess the record on appeal could be made more perfect, and promised at page 13 of their closing brief that they would at the time of the final submission of the case ask the court's permission to add

or supply what was omitted, which they have failed to do. But notwithstanding these omissions, we believe it to be our duty to entertain the appeal and examine the voluminous record that has been presented, consisting of some two thousand pages.

Appellants find much fault with the pleadings in the case, and with the manner and form in which the learned trial judge construed them. We have examined the pleadings carefully and find them to be sufficient to embrace the issues. The court admitted they could have been more carefully drawn, but inasmuch as the defendants presented no motion or demurrer to them before answering, the court deemed them sufficient to rest a judgment upon.

Much criticism is made by appellants as to the law governing the case. They strenuously object to the application of the law as applied to this case, to wit, section 309 of the Civil Code, section 3 of article XII of the state Constitution, and the general law and the rule of the common-law liability. The trial court very clearly explained his interpretation of the law as he understood it and its application to the evidence adduced in the case, explaining that the defendants appropriated the money as *de facto* officers.

The Supreme Court clearly state, in *Winchester* v. *Howard,* 136 Cal. 432 [89 Am. St. Rep. 153, 64 Pac. 692, 69 Pac. 77], and in other cases, the liability of the defendants. The court say, at the top of page 443, ''The ground of the liability is the wilful misappropriation of the property''; and at the bottom of page 444 they further say, ''the design plainly was to prevent speculating in corporate funds by directors, and to make them vigilant for their beneficiaries''. At page 439, Mr. Justice Temple, speaking for the court, states as to certain provisions of the Constitution, ''that the presumption is not precisely as it would have been had such a matter been presented for consideration fifty years ago''. The court then proceeds to state many reasons for the growth of the law. Upon the first consideration of the case the court took a ·certain position and affirmed the decision of the superior court, but upon a rehearing reversed their first position. It is quite apparent from a reading of the whole case that it was exhaustively considered.

We think the law abundantly supports the judgment.

We have also carefully examined the transcript and find the evidence sufficiently supports the judgment. The defense offered no evidence in opposition to plaintiff's complaint. The defendant May S. Bryant, the secretary, was the mother of the president John S. Bryant, and the defendant W. E. Steinbeck admitted the truth of the charges set forth in the complaint in open court. The defendant John S. Bryant was called to the witness-stand by the plaintiff to testify under the provisions of section 2055 of the Code of Civil Procedure, and his testimony is contained in the transcript from page 768 to and including page 833, and constitutes an admission that he was merely a willing "tool" for the use of his mother, May S. Bryant, the principal defendant in the·case. He stated that he signed checks and the minutes of the corporation without any knowledge of the effect of his conduct, but merely upon the advice of his said mother and a Mr. Werner, the attorney for the corporation, and admitted that he was a "dummy president".

The defendant W. E. Steinbeck stated that he had no sufficient knowledge of the reasons why he as director signed the minutes of the corporation, but that he acted upon the advice of the secretary, the attorney and a Mr. Jaquins, who, as the evidence showed, received the benefit of most of the money drawn out of the funds of the corporation by the acts of the three defendants named.

The defendant May S. Bryant did not take the stand.

The court observed that from the evidence proven in the case plaintiff could easily have established a conspiracy between the defendants to embezzle the funds of the corporation.

From the evidence and the law there seemed nothing for the court to do but to render a proper judgment for the plaintiff.

The court could have rendered a judgment for $20,000 in excess of the amount of judgment awarded, but owing to certain technicalities declined to do so.

We can see no prejudicial error in the record, and therefore the judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.